UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES MYRON,

                  Petitioner,                **REPORT AND RECOMMENDATION**

      -against-                                07 Civ. 3569 (SCR) (GAY)

DEBRA DEXTER, et al.,

                  Respondents.
----------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Petitioner James Myron, proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1999 New York State conviction for various fraud charges. For the reasons that follow, I respectfully recommend that this Court cannot consider the instant petition and must transfer it to the United States Court of Appeals for the Second Circuit.

This is the second petition for a writ of habeas corpus petitioner has filed in this Court to challenge his 1999 conviction. Petitioner's prior petition was filed on or about March 1, 2004 and assigned case number 04-CV-3426. On or about May 4, 2004, Judge Mukasey denied the petition and dismissed it with prejudice. The instant petition, therefore, is "second or successive." See Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004) (a petition "will be regarded as second or successive if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice").

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "individuals who seek to file a second or successive habeas corpus petition must obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider such second successive application." See Moore v. Sears, No. 9:07-CV-0926, 2007 WL 2891504, at *1 (N.D.N.Y. Sept. 28, 2007); 28 U.S.C. § 2244(b)(3)(A). See also Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (the AEDPA "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications"). There is nothing in the record to suggest that Myron has obtained authorization from the Court of Appeals permitting this Court to consider the instant petition. Accordingly, I conclude, and respectfully recommend, that this Court must transfer the instant petition to the Second Circuit.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: December 18, 2007
White Plains, New York

Respectfully Submitted,

*George A. Yanthis*
GEORGE A. YANTHIS, U.S.M.J.